## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.

AMARYA STROWBRIDGE

_____/

**SEALED
INDICTMENT**

1:21 cr 2-AW

**THE GRAND JURY CHARGES:**

### COUNT ONE

### A.  INTRODUCTION

At all times material to this Information:

1.      The Coronavirus Aid, Relief, and Economic Security ("CARES") Act

was a federal law enacted in or around March 2020 and designed to provide

emergency financial assistance to the millions of Americans who are suffering the

economic effects caused by the COVID-19 pandemic.   One source of relief

provided by the CARES Act was the authorization of up to $349 billion in

forgivable loans to small businesses for job retention and certain other expenses,

through a program referred to as the Paycheck Protection Program ("PPP").   In or

around April 2020, Congress authorized over $300 billion in additional PPP

funding.

FILED USDC FLND TL
FEB 2 '21 PM 4:25

2.      In order to obtain a PPP loan, a qualifying business was required to submit a PPP loan application, which was signed by an authorized representative of the business.   The loan application was called an SBA Form 2483.   The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan.   In the PPP loan application, the small business (through its authorized representative) was required to state, among other things, its: (a) average monthly payroll expenses; and (b) number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP.   In addition, businesses applying for a PPP loan were required provide documentation showing their payroll expenses and that they were in business as of February 15, 2020.

3.      A PPP loan application was required to be processed by a participating financial institution (the lender).   If a PPP loan application was approved, the participating financial institution funded the PPP loan using its own monies, which were 100% guaranteed by the Small Business Administration ("SBA").   Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

2

4.    PPP loan proceeds were required to be used by the business for payment of certain permissible expenses, such as payroll costs, interest on mortgages, rent, and utilities.   The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on such expense items within a designated period of time (usually eight weeks of receiving the proceeds) and using at least 75% of the PPP loan proceeds on payroll expenses.

5.    Cross River Bank was a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation ("FDIC").   Cross River Bank offered PPP loans to small businesses.

## B.   THE CHARGE

On or about June 26, 2020, in the Northern District of Florida, the defendant,

**AMARYA STROWBRIDGE,**

knowingly made a false statement to Cross River Bank, a federally insured financial institution, for the purpose of influencing the action of Cross River Bank in connection with an application, that is, the defendant submitted an application for a Small Business Administration ("SBA") Paycheck Protection Program ("PPP") loan that contained false information regarding the existence of a business claimed to be named, "Amarya Strowbridge," and false statements of past business profits, expenses, and monthly payroll.

In violation of Title 18, United States Code, Section 1014.

3

## CRIMINAL FORFEITURE

The allegations contained in Count One of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 982(a)(2)(A).

From her engagement in the violation alleged in Count One of this Indictment, the defendant,

## AMARYA STROWBRIDGE,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any and all of the defendant's right, title, and interest in any property, real and personal, constituting, and derived from proceeds traceable to such offenses.

If any of the property described above as being subject to forfeiture, as a result of acts or omissions of the defendant:

    i.    cannot be located upon the exercise of due diligence;

    ii.    has been transferred, sold to, or deposited with a third party;

    iii.    has been placed beyond the jurisdiction of this Court;

    iv.    has been substantially diminished in value; or

    v.    has been commingled with other property that cannot be subdivided without difficulty,

4

it is the intent of the United States, pursuant to Title 21, United States Code,

Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1),

to seek forfeiture of any other property of the defendant up to the value of the

forfeitable property.

A TRUE BILL:

_____

_____ 2/2/2021 _____
DATE

_____
LAWRENCE KEEFE
United States Attorney

_____
DAVID P. BYRON
Assistant United States Attorney

5